U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JUL 1 1 2000

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRANDON HAYNES            CIVIL ACTION NO. 99-1257

VERSUS            JUDGE WALTER - SEC P

BURL CAIN, WARDEN,            MAGISTRATE JUDGE PAYNE
LOUISIANA STATE PRISON

## MEMORANDUM RULING

Before this Court is Brandon Haynes' Petition for Writ of Habeas Corpus. Haynes seeks federal habeas relief from his first degree murder conviction on grounds that his trial attorneys rendered ineffective assistance, or no assistance. On April 6, 2000, Magistrate Judge Payne issued a Report and Recommendation recommending that, under the ineffective assistance claim analysis enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Haynes' petition be denied and dismissed with prejudice.

Haynes filed objections to the Report and Recommendation relying on United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), which was issued the same day as Strickland. In Cronic, the Supreme Court distinguished the rare case of constructive denial of counsel from the "merely incompetent" counsel, and held that, where constructive denial is present, prejudice is presumed. 466 U.S. at 658-59. In response to Haynes' objections, the State asserts that Strickland applies.

Therefore, the sole issue before this Court is whether the concession of partial guilt by a defendant's trial counsel, against the express desires of a defendant, constitutes the constructive denial of counsel as defined in Cronic, supra, or whether Strickland, supra, should be applied.



## STATEMENT OF THE CASE

As stated above, Haynes was convicted by a Caddo Parish jury of the first degree murder of a female graduate student. He avoided the death penalty when the jury deadlocked at the penalty phase. A mandatory sentence of life imprisonment was imposed. The magistrate judge's Report and Recommendation contains a detailed discussion of the record evidence and, this Court adopts by reference that discussion. However, due to the gravity of this Court's decision, certain facts are worthy of repetition.

In the case *sub judice*, the prosecution's theory for a first degree murder conviction was that Haynes had intentionally killed his victim while engaged in one or more of the enumerated felonies in La. R.S. 14:30[1], which include second degree kidnapping, aggravated rape and armed robbery. The defense strategy was to avoid a first degree murder conviction and the possibility of the death penalty, by asking the jury to find the evidence permitted a conviction only of the non-capital crime of second degree murder. That is, a killing committed, where the offender does not have the intent to kill or inflict great harm, but the offender is engaged in one of the enumerated felonies such as rape, robbery or kidnapping. La. R.S. 14:30.1.

In his opening statement, defense counsel began by telling the jury that he wanted to be "up front" with them and would not come out later with a surprise defense. He stated that the defense was not going to contest that Haynes kidnapped, raped and sodomized the victim or that he took her wallet. Counsel also conceded that the victim died, either during the commission of

---

[1] First degree murder, which carries a potential death penalty, includes the killing of a human being when the offender has specific intent to kill or inflict great bodily harm and he is engaged in the perpetration or attempted perpetration of one or more enumerated felonies.

2

one of those felonies or just after, and the cause of her death was injuries sustained in the fall from the roof. He admitted that the evidence would show those facts, but then asked the jury to listen carefully to what the evidence would not show: specific intent to kill. (Tr. 602-04).

At the conclusion of defense counsel's opening statement, Haynes rose and addressed the court. After the jury was removed, Haynes told the judge that he strenuously disagreed with his attorney's statement that he was guilty of the felonies charged. Haynes maintained that he was not guilty of first or second degree murder; that he had specifically instructed them not to make those admissions. The two defense counsel explained that the defense offered was the only credible defense and that to employ an unbelievable defense at the guilt stage would seriously undermine their credibility at the penalty phase.

The court reassured Haynes that he had excellent lawyers and that he was free to testify as he wished at the appropriate time. The court stated that Haynes' remarks were noted for the record, and the trial continued. (Tr. 609-14). In closing arguments, defense counsel again conceded that the evidence proved a lot of crimes like rape, abduction and possibly robbery. He then reiterated that the evidence failed to prove Haynes had the specific intent to kill. Despite counsel's arguments, the jury found Haynes guilty of first degree murder.

## LAW AND ANALYSIS

This Court agrees with the magistrate judge's conclusion that Haynes' defense counsel was not ineffective in asserting the second-degree murder defense. This Court would also agree that even had Haynes prevailed on the performance prong of Strickland, he cannot show prejudice from the concession of guilt to second degree murder. The facts as set out in the Report and Recommendation are overwhelming. However, this Court finds that Strickland does

not apply.

A thorough review of this case makes Cronic, supra, persuasive. Haynes asserts, and this Court agrees, that

> [i]t is . . . immaterial that his counsel's choice to concede his guilt may have been prudent; it was not Haynes' choice. More to the point, . . . the moment his counsel conceded his guilt against his express wishes, Haynes' trial lost "its character as a confrontation between adversaries," and all semblance of principled constitutional adjudication was abandoned.

Petitioner's Reply to Response to Petitioner's Objections, p. 3, quoting Cronic, 466 U.S. at 656-57, 104 S.Ct. at 2045-46. This Court further agrees that "Haynes' defense counsel may have made appropriate strategic defense choices, but they did not work as the 'guiding hand' envisioned by the Fifth Circuit in Childress v. Johnson, [103 F.3d 1221, 1228 (5th Cir. 1997)] or the Supreme Court in Powell v. Alabama, [287 U.S. 45, 69, 53 S.Ct. 55, 67, 77 L.Ed. 158 (1932)]." Id., at 4.

Haynes' trial counsel acted against his express wishes. Haynes not only made clear that he did not agree with counsel's strategy, but said:

> I specifically asked my lawyers not to do what they - they said they were going to do this second degree junk. I don't like that. I mean, I'm not guilty. I don't feel I'm guilty of second degree or first degree and I don't agree with them.

(Tr. 611). In Cronic, the Court quoted Judge Wyzanski who wrote: "While a criminal trial is not a game in which the participants are expected to enter the ring with a near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators." Cronic, 466 U.S. at 657, 104 S.Ct. at 2046, citing United States ex rel. Williams v. Twomey, 510 F.2d 634, 640 (CA7). In Cronic terms, admitting guilt, contrary to the express desires of the defendant, denies him the guarantees of the Sixth Amendment and sends the defendant not only unarmed, but hobbled. Id.

This Court finds that Haynes' trial counsel entirely failed to subject the prosecution's case to meaningful adversarial testing. Haynes' Sixth Amendment rights have been effectively denied making the "adversary process itself presumptively unreliable." <u>Cronic</u>, 466 U.S. at 659, 104 S.Ct. at 2047. Therefore, under <u>Cronic</u>, <u>supra</u>, Haynes' trial counsel's ineffectiveness is presumed without inquiry into counsel's actual performance at trial. <u>Id</u>. at 662, 104 S.Ct. at 2048.

Accordingly, Brandon Haynes' Petition for Writ of Habeas Corpus is **GRANTED**.

COPY SENT:
DATE: 7/11/00
BY: CD
TO: HAYNES
    WALKER
    ESTOPINAL
    RSP
    DEW

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE